**George Robert Goltzer**
**Attorney At Law**
**152 West 57th Street**
**8th Floor**
**New York, NY 10019**

**Ying Stafford**                                                             **Tel. 917/553-6704**
**Associate Counsel**                                       **Fax: 1646/430-8944**
**Tel. 917/331-8887**                                        **Grgoltzer@gmail.com**

February 5, 2022

Re: *United States v. Christine Garcia*
19 Cr. 789 (PGG)

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street
New York, NY 10007
Via ECF

Dear Judge Gardephe:

      This letter is respectfully submitted in anticipation of Christina Garcia's sentencing hearing, currently scheduled for February 25, at 11:00 a.m. The defense agrees with the Guideline calculations contained in the Presentence Investigation Report, as well as the facts contained in it. We resepectfully urge that Your Honor impose the sentence recommended by Probation, time served, a period of supervised release with enumerated conditions, and six months home detention. The defense mitigation letter in support of the recommendation is annexed as an exhibit.

      The travails endured by Ms. Garcia and her teenage daughter are fully described in the PSR and Ms. O'Boyle's letter, so I shall not repeat them here, fully aware that it is Your Honor's practice to carefully review all submitted sentencing documents.

1

Presentence Reports in this District most often recommend a Guideline sentence even though the advisory Guideline is but one factor that the Court must consider. In Ms. Garcia's case, Probation has taken a more humane and constructive view of the defendant, her prospects, need for treatment, and her daughter's need to have her mother help her survive.

The parsimony clause of 18 U.S.C. § 3553(a) directs sentencing jurists to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposed set forth in" subsection (2) of the statute. *United States v. Ministro-Tapia,* 470 F.3d 137, 138 (2d Cir. 2006). In determining the sentence, the Court must consider the following "§ 3553(a) factors:"

♦ the nature and circumstances of the offense, § 3553(a)(1);

♦ the history and characteristics of the defendant, § § 3553(a)(1);

♦ the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, ; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed rehabilitative or other treatment, § 3553(a)(2);

♦ the Sentencing Guidelines and the sentencing range they provide, § 3553(a)(4), (5);

♦ the need to avoid unwarranted disparities in sentencing, § 3553(a)(6);

♦ the need to provide restitution to the victims of the offense, § 3553(a)(7).
18 U.S.C. § 3553(a).

The defense does not seek to minimize the offense. But Ms. Garcia was in the unique position of being mastermind Rose's paramour for years before he convinced her to join his illegal combine and do his bidding. While the scheme involved millions of dollars, the conceded forfeiture in the plea agreement is thirty thousand dollars, a relatively paltry profit for approximate year Ms. Garcia was part of the offense.

While Ms. Garcia's tragic history does not justify her criminal behavior, it does help us understand it.  As a result of the abuse she suffered over the years at the hands of horribly and violent, cruel and manipulative men, she was particularly vulnerable to the manipulations of Rose and his ilk.  He promised her love and a fortune. He brought her pain and disgrace.  Ms. Garcia accepts responsibility for her misdeeds and prays that she will not be separated from her daughter, who has twice tried to hurt herself and been hospitalized.  Now, she lives with Ms. Garcia, who is also terribly depressed and in great need of psychiatric aid. Only  Ms. Garcia  can emotionally support the child and insure  compliance with her treatment regimen  of therapy and pharmaceuticals.  For the reasons discussed in the PSR and by Ms. O'Boyle, Ms. Garcia's daughter cannot stay with other family members in Florida. Both Ms. Garcia and her child need extensive rehabilitative treatment as suggested by Probation.  Neither one will get it if Ms. Garcia must serve a prison term.  Home confinement makes much more sense and is sufficient to satisfy notions of retributive justice and both specific and general deterrence.

Ms. Garcia is not a danger to the community. She is unlikely to recidivate. In the unlikely event that she does, Your Honor will have the tools necessary to consider and impose an appropriate punishment for the violation of supervised release.  There is no need to imprison this Category I offender who stand convicted of a non-violent offense masterminded by her boyfriend.  Public confidence in the criminal justice system will not be injured by a humane and highly individualized sentence recommended  under the unusual facts at bar.

I take the liberty of including a passage from a summation of Clarence Darrow in the Leopold- Loeb murder case, a passage that has always resonated with me and I hope will resonate with Your Honor.

> I there is such a thing as justice it could only be administered by one who knew the inmost thoughts of the man to whom he was meting it out. Aye, who knew the father and mother and the grandparents and the infinite number of people back of him. Who knew the origin of every cell that went into the body, who could understand the structure and how it acted. Who could tell how the emotions that sway the human being affected that particular frail piece of clay. It means more than that. It

3

means that you must appraise every influence that moves men, the civilization where they live, and all society which enters into the making of the child or the man! If Your Honor can do it- if you can do it you are wise, and with wisdom goes mercy.[1]

Thank you for your consideration of these remarks. I remain

        Respectfully,
        *GRGoltzer*
        George R. Goltzer

cc: Office of United States Attorney
    Southern District of New York
    Via ECF

GRG/ms

---

[1] Attorney For the Damned, Clarence Darrow in the Courtroom, Edited by Arthur Weinberg: University of Chicago Press (1957, 1989)