UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHRISTINA GARCIA,

Defendant.

**ORDER**

19 Cr. 789 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Sentencing in this matter is scheduled for February 24, 2022, at 3:00 p.m.

The PSR reports that the Probation Officer requested that the Defendant submit a financial statement, but that no financial statement was provided.  (PSR (Dkt. No. 527) at 36, 43)  The Defendant will submit a financial statement to the Court by **February 22, 2022 at 10:00 a.m.**

The Court requires substantially more information concerning the nature of the Defendant's offense and her role in the charged conspiracy.  Based on the current record, this Court does not have sufficient information to gauge the significance of Garcia's activities on behalf of the conspiracy, and her culpability.  For example, the significance of the sources allegedly recruited by Garcia is entirely unclear.  The Government will make a supplementary submission by **February 22, 2022 at noon**.

The plea agreement, the PSR, and the Government's sentencing submission all state that the Defendant conferred an improper benefit of more than $1.5 million but less than $3.5 million.  (Feb. 10, 2022 Govt. Ltr. (Dkt. No. 742) at 3)  The Government will set forth the facts concerning the alleged improper benefit, and explain how this range was calculated and why this enhancement is appropriate for Garcia but not as to other Defendants.

In its submission, the Government will also address the time period in which Garcia was a member of the conspiracy; how many lead sources she recruited; where these lead sources were employed; what information those sources disclosed and for how long; the number of victim names these lead sources disclosed; and the amount these lead sources were paid.  The Government will also set forth the compensation Garcia received for her illegal conduct, the circumstances in which payment was made, and over what period of time Garcia received payment.

The Government contends that between January 2019 and November 2019, "Garcia personally bribed an employee of a Brooklyn-based hospital for HIPAA-protected patient information." (Id. at 4)  In its submission, the Government will address how many victim names the corrupt hospital employee disclosed, the amount this corrupt employee was paid, and how this employee came to be terminated.

To the extent that the Government contends that Garcia personally approached accident victims in order to refer them to corrupt law firms (id. at 4), the Government will set forth the period of time in which Garcia engaged in this activity, on how many occasions, and with what results.

The Government contends that "Garcia's offense conduct is comparable to that of Rose, Jr." (Id. at 5)  The Government will explain in detail its assertion that Garcia's conduct is comparable to that of Rose, Jr.  To the extent that the Government contends that Garcia recruited three significant lead sources, it will provide to the Court an explanation for that assertion, as well as all information on which that assertion is based.  The telephone calls referenced in the Government's sentencing letter (id. at 4) do not demonstrate that Garcia successfully recruited anyone, much less a lead source that was significant to the charged conspiracy.

2

In sentencing Garcia, this Court cannot rely on conclusory statements and argument.  The Government must set forth evidence supporting its assertions about Garcia's role in the offense and her culpability.

Defendant is welcome to address these same matters in a written submission and/or at sentencing.

Dated: New York, New York
        February 18, 2022

                                    SO ORDERED.

                                    _____
                                    Paul G. Gardephe
                                    United States District Judge